UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


RANDALL A. MYERS,

    Plaintiff,

v.                      3:06-cv-83

STATE OF TENNESSEE and
BLOUNT COUNTY, TENNESSEE,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is confined in the Blount County Justice Center. The defendants are the State of Tennessee and Blount County, Tennessee. Plaintiff complains that he has had no hearing on an appeal, from Blount County General Sessions Court to Blount County Circuit Court,

that he filed in November 2005. According to plaintiff, the delay is a violation of his civil rights.

Plaintiff's claims are solely concerned with his criminal proceedings currently pending in the Circuit Court for Blount County, Tennessee. It is clearly settled that this court must stay its hand in a section 1983 claim until such time as a criminal defendant proves through the state system that his incarceration was in fact illegal. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). The law is also settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Plaintiff has failed to make such a showing in this case.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has failed to state a claim upon which relief may be granted under § 1983. Therefore, this action is **DISMISSED** *sua sponte*, pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is an inmate in the Blount County Justice Center, he is herewith **ASSESSED** the civil filing fee of $250.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

2

Case 3:06-cv-00083   Document 4   Filed 03/20/06   Page 2 of 3   PageID #: 2

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of two hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

　　　　　　　　　　　　　　　　　　*s/ James H. Jarvis*
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE